UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
In re:                                                          :    Adv. Pro. No. 08-01789 (BRL)
                                                                :
BERNARD L. MADOFF INVESTMENT                                    :    SIPA LIQUIDATION
SECURITIES LLC,                                                 :
                                                                :    (Substantively Consolidated)
                                      Debtor.                   :
---------------------------------------------------------------- :
Mary Albanese, Brow Family Partnership,                         :
Allan Goldstein, Laurence Kaye,                                 :
Suzanne Kaye, Rose Less, Gordon Bennett,                        :
on behalf of themselves and all Others Similarly                :    Adv. Pro. No. 09-01265 (BRL)
Situated,                                                       :
                                      Plaintiffs,               :
                   vs.                                          :
                                                                :
IRVING H. PICARD, as Trustee for the                            :
Liquidation of Bernard L. Madoff Investment                     :
Securities LLC,                                                 :
                                                                :
                                      Defendant.                :
----------------------------------------------------------------x

## STIPULATION AND ORDER STAYING PENDENCY OF CLASS ACTION

Irving H. Picard ("Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and for Bernard L. Madoff ("Madoff") (collectively, "Debtors"), and Mary Albanese, Brow Family Partnership, Allan Goldstein, Laurence Kaye, Suzanne Kaye, and Rose Less (collectively "Class Plaintiffs"), by and through their respective counsel, hereby stipulate and agree to the terms set forth below in this *Stipulation and Order Staying Pendency of Class Action* (the "Stipulation and Order").

## RECITALS

WHEREAS, on December 11, 2008, the Securities and Exchange Commission ("SEC") filed a Complaint in the United States District Court for the Southern District of New York

against defendants Bernard L. Madoff and Bernard L. Madoff Investment Securities LLC (No. 08 CV 10791); and

WHEREAS, on December 15, 2008, Judge Stanton entered an order pursuant to the Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa *et seq*., as amended ("SIPA"),[1] which, in pertinent part:

(a) Appointed Irving H. Picard, Esq. as trustee for the liquidation of the business of BLMIS, pursuant to section 78eee(b)(3) of SIPA;

(b) Appointed Baker & Hostetler, LLP as counsel to the Trustee ("Counsel") pursuant to section 78eee(b)(3) of SIPA; and

(c) Removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA; and

(d) Authorized the Trustee to take immediate possession of the property of the debtor, wherever located; and

WHEREAS, on December 23, 2008, this Court entered an order (the "Claims Procedures Order") that, *inter alia*, specified the procedures for the filing, determination, and adjudication of customer claims in this proceeding; and

WHEREAS, it is the Trustee's position that for purposes of determining customer claims, each BLMIS customer's "net equity" will be determined by crediting the amount of cash deposited by the customer into his BLMIS account, less any amounts already withdrawn by him from his BLMIS customer account (the "cash in/cash out approach"); and

WHEREAS, on June 5, 2009, Mary Albanese, the Brow Family Partnership, Allan Goldstein, Laurence Kaye, Suzanne Kaye and Rose Less, prospectively on behalf of a class of similarly injured plaintiffs, filed a Class Action Complaint for Declaratory Judgment disputing

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

Trustee's position for determining BLMIS customer's "net equity" along with other claims for relief; and

WHEREAS, On June 23, 2009, the Class Action Plaintiffs, prospectively on behalf of a class of similarly injured plaintiffs, filed an Amended Class Action Complaint for Declaratory Judgment ("Amended Class Action Complaint") seeking the following claims for relief: (i) a determination that the Class Action is proper and certifying the Class Action Plaintiffs as class representatives under Rule 7023 of the Federal Rules of Bankruptcy Procedure, and Class Action Plaintiffs' counsel as counsel for the class; (ii) a determination that the Trustee's definition of "net equity" as deposits minus withdrawals is incorrect as a matter of law; (iii) a determination that a customer's "net equity" under SIPA is the value of the securities positions reflected in that customer's Madoff account(s) as of the SIPA filing date; (iv) a determination that the Amended Class Action Complaint be deemed a written statement of claim for all class members who fail to file their individual Securities Investment Protection Corporation ("SIPC") Customer Claim Forms prior to the Bar Date; (v) a determination that the Amended Class Action Complaint is not a waiver of any Class Action Plaintiffs' or prospective class member's right to a jury trial, nor may it be used by the Trustee to contest any Class Action Plaintiff or prospective class member's right to a jury trial; (vi) a determination that the Amended Class Action Complaint does not confer jurisdiction over any prospective class member, nor may it be used by the Trustee to assert jurisdiction over any prospective class member; (vii) an order that the Trustee cease and desist from requiring the execution of a release as a condition precedent to the distribution of SIPC funds to a class member; (viii) an order that all releases executed by any class member in the Madoff liquidation be declared void; and (ix) an order awarding the Class Action Plaintiffs and the proposed class, their reasonable costs and expenses incurred in this action, including

counsel fees and expert fees; and

WHEREAS, certain claimants, including Class Plaintiffs, disagree with the Trustee as to the construction of the term Net Equity and how that term should be applied to determine the amount of the valid Customer Claim of each claimant; and

WHEREAS, the Trustee has filed a motion ("Scheduling Motion") for an order scheduling briefing and a hearing on the "net equity" issue, such that all interested parties and customers may participate in the litigation on that issue; and

WHEREAS, Class Plaintiffs filed an objection to the Trustee's Scheduling Motion that was overruled at the hearing before this Court on September 9, 2009; and

WHEREAS, the "net equity" issue will be determined in accordance with a schedule and procedure ordered by this Court, similar to that proposed by the Trustee in his Scheduling Motion; and

WHEREAS, the Trustee and Class Plaintiffs intend and anticipate that Class Plaintiffs will participate in the litigation regarding "net equity."

## **STIPULATION**

NOW THEREFORE, Debtors and Class Plaintiffs hereby agree and stipulate as follows:

1. The pendency of the Class Action shall be stayed pending the issuance of a final, non-appealable order regarding the "net equity" issue.

2. The Trustee and Class Plaintiffs shall reserve their rights to seek relief from the stay requested in paragraph 1 above.

3. This Stipulation and Order shall not affect any substantive right of Class Plaintiffs, Debtors, or putative Class members, including, without limitation, the right of the parties to vigorously prosecute and defend the class action complaint, including, without limitation, motion practice, discovery, and pleading of claims or defenses, if and at such time as the stay is lifted.

4. Each of the parties herein reserves its right to object to any claim or determination asserted by the Trustee, Class Plaintiffs, or putative Class member.

5. Each of the parties herein, and any putative Class member, reserves all rights under federal and state law, the Bankruptcy Code, and SIPA.

6. This Stipulation and all of the provisions hereof shall be binding upon, and inure to the benefit of, the parties hereto, and any member of the putative Class that consents to join such Class.

7. This Stipulation may not be amended or modified except by further Order of the Court.

Dated: New York, New York
      September 17, 2009

| */s/ Brian J. Neville* | /s/*Marc Hirschfield* |
|---|---|
| Lax & Neville, LLP | Baker & Hostetler LLP |
| 1412 Broadway, Suite 1407 | 45 Rockefeller Plaza |
| New York, New York 10018 | New York, New York 10111 |
| Telephone: (212) 696-1999 | Telephone: (212) 589-4200 |
| Facsimile: (212) 566-4531 | Facsimile: (212) 589-4201 |
| Brian J. Neville | David J. Sheehan |
| Barry R. Lax | Marc E. Hirschfield |
| *Attorneys for the Plaintiffs* | *Attorneys for the Defendant* |

SO ORDERED                  /s/Burton R. Lifland
Dated: New York, New York     HONORABLE BURTON R. LIFLAND
      September 18, 2009         UNITED STATES BANKRUPTCY COURT